IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEWIS BARTON,

    Plaintiff,

vs.                                                    1:15-cv-01126-LH-LF

FFE TRANSPORTATION SERVICES, INC. and
TRACY JAMES HUBER,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on two *sua sponte* orders to show cause issued to pro se plaintiff Lewis Barton. Docs. 38, 39. The Court issued the first order to show cause because Mr. Barton failed to attend a telephonic status conference scheduled for November 30, 2016. Doc. 38 ("first order"). Mr. Barton was required to respond to the first order by December 14, 2016, but failed to do so. Accordingly, the Court issued a second order to show cause for Mr. Barton's failure to comply with the Court's first order. Doc. 39 ("second order"). Mr. Barton was required to respond to the second order by January 17, 2017. *Id*. The record indicates that the second order was mailed to Mr. Barton at his address of record. There is no indication that Mr. Barton did not receive the second order to show cause. Nonetheless, Mr. Barton failed to respond to the second order to show cause in violation of that order. This is the third time Mr. Barton has failed to obey an order of the Court. Mr. Barton has not filed anything with the Court or participated in the prosecution of this case since September 12 2016. Doc. 33.

The Court may issue any just orders, including sanctions authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party fails to appear at a scheduling or other pretrial conference, *see* FED. R. CIV. P. 16(f), or fails to obey a court order, *see* FED. R. CIV. P. 41(b). Rule 16(f) "indicates the intent to

give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flying Serv., Inc. (In re Baker)*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir.1992).

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe*, 312 F.3d at 1188 (summarizing the *Ehrenhaus* factors). Dismissal as a sanction under Rule 16(f) should ordinarily be evaluated under the same factors. *See id.* "The factors do not create a rigid test but are simply criteria for the court to consider." *Id.* (citing *Ehrenhaus,* 965 F.2d at 921).

In this case, Mr. Barton failed to obey several orders of the Court. He failed to attend a scheduled status conference and failed to respond to two orders to show cause. Mr. Barton's failure to participate has not caused a high degree of prejudice to defendants. Although defendants have expended time and money attending the status conference and submitting their witness list pursuant to the deadlines imposed by the Court, s*ee* Docs. 37, 40, they have not expended an inordinate amount of time dealing with this case. Mr. Barton's lack of participation, however, does interfere with the judicial process. The case has been stymied by Mr. Barton's refusal to respond or participate. The case cannot move forward without his

participation.  Mr. Barton is culpable for violating the Court's orders.  There is no indication that he did not receive the Court's orders, and no explanation why he has refused to abide by them.  Finally, Mr. Barton was warned in the first and second orders to show cause that sanctions—including dismissal—could be imposed.  Doc. 38 at 2, Doc. 39 at 2.  Despite these warnings, Mr. Barton has ignored three orders of this Court, indicating that lesser sanctions would not be effective.

Because the *Ehrenhaus* factors weigh in favor of dismissal, I recommend that pro se plaintiff Lewis Barton's complaint be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge